UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| YAODI HU, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-2226 |
| ) | |
| ROBERT SCHURMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

In September 2008, Plaintiff Yaodi Hu filed a Complaint (#1) against Defendants Robert Schurman, Richard Shronts, Scott Fitts, Village of Grant Park, Illinois, Grant Park Village Fire District, and Hamann Calvin Farm Drainage and Excavating, Inc., alleging that Defendants violated his constitutional rights under the Fifth and Fourteenth Amendments. In June 2009, Plaintiff filed a First Amended Complaint alleging violations of federal and state constitutions and federal statute.

In May 2009, Defendant Richard Shronts filed his Motions To Dismiss Pursuant to Rules 12(b)(5) and 4(m) (#17). Plaintiff has filed no response. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motions To Dismiss Pursuant to Rules 12(b)(5) and 4(m) **(#17)** be **DENIED.**

### I. Procedural Background

Plaintiff filed his initial complaint in September 2008. In February 2009, Defendants Schurman, Fitts, and Village of Grant Park filed a Motion To Dismiss (#6) alleging that Plaintiff had failed to timely serve them pursuant to Federal Rule of Civil Procedure 4(m). FED. R. CIV. P. 4(m). In March 2009, Magistrate Judge David Bernthal recommended dismissing the moving Defendants. (*See* Report and Recommendation, #8). He also entered an Order To Show Cause (#9), noting that more than 120 days had elapsed since the filing of the complaint and the issuing of the summons, and Plaintiff had not filed any proof of service with the court.

Chief Judge Michael McCuskey subsequently entered an Order (#10) accepting Judge Bernthal's recommendation and dismissing the complaint without prejudice as to the moving Defendants. The same day, Plaintiff filed with the court proofs of service as to Defendants Shronts (#12), Schurman (#13), and Village of Grant Park (#11).

On April 1, 2009, Judge McCuskey held a hearing on the Order To Show Cause. In his subsequent Order (#14), Judge McCuskey expressly stated that the personal service on Defendants Schurman, Shronts, and Village of Grant Park was valid and that service had been made prior to the order dismissing Defendants Schurman, Fitts, and Village of Grant Park. Therefore, Plaintiff was not required to serve Defendants Schurman, Shronts, and Village of Grant Park again. (#14, p. 2.) He also allowed Plaintiff to file an amended complaint.

On May 15, 2009, Defendant Shronts filed his motion to dismiss. On May 28, 2009, Judge Bernthal extended the deadline for filing the amended complaint to June 3, 2009. A text order entered May 28, 2009, expressly notes that the April 1, 2009, Order (#14) vacated the court's order dated March 31, 2009, and therefore revived Robert Schurman and Village of Grant Park as Defendants. The text order also stated that Plaintiff "needs to serve anyone else he wants to name as a defendant with a copy of his Amended Complaint which is to be filed by 6-3-2009."

On June 10, 2009, Plaintiff filed his amended complaint.

## II. Standard for Review

A Rule 12(b)(5) motion to dismiss challenges the sufficiency of service of process. When a defendant challenges the sufficiency of service of process, the plaintiff must make a prima facie showing of proper service by competent proof. *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 410642, *2 (N.D. Ill., Feb. 13, 2008) (unreported) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178 (1936); *Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir. 1995)). The Seventh Circuit has defined competent proof as "proof to a reasonable probability that jurisdiction exists." *Target Market Publ'g, Inc. v. ADVO, Inc.,*

136 F.3d 1139, 1142 (7th Cir. 1998) (internal citations omitted).  It is therefore proper to require a plaintiff to "justify his [jurisdictional] allegations by a preponderance of evidence." *McNutt,* 298 U.S. at 190.

Federal Rule of Civil Procedure 4 outlines the requirements for valid service of process. FED. R. CIV. P. 4.  A plaintiff has 120 days after filing his complaint to serve a defendant.  If the plaintiff does not serve a defendant within 120 days, Rule 4(m) states that "the court–upon motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

A plaintiff who misses the 120-day deadline has two options:  He can show good cause for missing the deadline, which must include a showing of at least "reasonable diligence"; or the court can grant a discretionary extension of time for service.  *See Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340-41 (7th Cir. 1996) (holding that even absent a showing of good cause, a district court still must consider whether a permissive extension of time for service is warranted under the facts of the case).  The plaintiff bears the burden to show good cause. *Bachenski v. Malnati,* 11 F.3d 1371, 1376 (7th Cir. 1993).  Evidence of a defendant's intentional evasion of service, faulty effort by the process server, and lack of prejudice to defendant by the delay are all factors that a court can consider in making a good cause determination.  *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988).  A good cause showing must be accompanied by evidence that a plaintiff acted with "reasonable diligence" in attempting to serve a defendant within 120 days.  *Bachenski,* 11 F.3d at 1377.

### III.  Discussion

Defendant argues that Plaintiff failed to properly effect service under Rules 4(e) or 4(m), respectively, because (1) the process server gave the summons and complaint to a coworker, Nathan Raloff, at Defendant's place of employment; and (2) Defendant has not been timely served.

Under Rule 4(e), service of the summons and complaint upon an individual such as Defendant Shronts may be made by delivering a copy of the summons and complaint to the individual personally; leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e)(2). Under Rule 4(e)(1), it is also proper to serve an individual according to relevant Illinois law, found at 735 ILCS 5/2-203, which is consistent with Rule 4(e)(2).

In support of his contention that service was improper under Rule 4(e), Defendant filed affidavits from Shronts and Raloff. Defendant Shronts stated in his affidavit that he was called away from the Grant Park Fire Protection District fire station on an emergency call on March 31, 2009. When he returned, he saw a copy of the summons and complaint which had been left with Mr. Raloff. Shronts stated that he did not authorize anyone to accept service on his behalf and he has not been personally served since that time. Mr. Raloff stated in his affidavit that two men came to the fire station and asked for Shronts. When Raloff told them that Shronts was not at the station, they left the summons and complaint at the station.

Plaintiff did not file a response to Defendant's motion. However, Plaintiff had previously filed a Return of Service in April 2009, in which the server, Bingjian Kwan, checked the box indicating that he served the summons and complaint "personally upon the third-party defendant" Grant Park Fire Department Building. He also checked the box "[r]eturned unexecuted." Finally, he noted "summons and complaint served to Richard Shronts." (Return of Service, #12.)

In ruling on the Order To Show Cause in April 2009, Judge McCuskey stated that Plaintiff's personal service on Defendant Shronts was valid. (#14, p. 2.) Defendant has now presented evidence indicating that Plaintiff, in fact, did not personally serve Shronts. Thus, Defendant's evidence and the inconsistent information in Plaintiff's Return of Service raises questions as to the finding in the Order.

If Judge McCuskey's finding that "personal service" was valid remains undisturbed, then the Court recommends denying Defendant's motion on that basis. On the other hand, based on Defendant's argument and evidence, Judge McCuskey may determine that Plaintiff's previous service to Defendant Shronts was not valid under Rule 4(e)(2). Nevertheless, even assuming that Plaintiff's service to Defendant Shronts was not valid, courts have discretion to extend the deadline for service. Here, Judge McCuskey implicitly allowed Plaintiff additional time to effectuate service of process when he stated in his Order that Plaintiff needs to serve any remaining Defendants named in the amended complaint. Accordingly, the motion to dismiss is premature and the Court recommends denying it.

### IV. Summary

For the reasons set forth above, this Court recommends that Defendant's Motions To Dismiss Pursuant to Rules 12(b)(5) and 4(m) **(#17)** be **DENIED.** The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 25th day of June, 2009.

                                                  s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE