**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| YAODI HU, )<br>)<br>        **Plaintiff,** )<br>v. )<br>)<br>ROBERT SCHURMAN, et al., )<br>)<br>        **Defendants.** ) | Case No. 08-CV-2226 |

**<u>OPINION</u>**

Defendant Richard Shronts filed his Motion to Dismiss Pursuant to Rules 12(b)(5) and 4(m) (#17) on May 15, 2009. Plaintiff, Yaodi Hu, never filed a response. On June 25, 2009, Magistrate Judge David G. Bernthal issued his Report and Recommendation (#22), recommending denying Defendant's Motion to Dismiss. Defendant filed his Objections to the Report and Recommendation (#23) on July 10, 2009. For the following reasons, this court does not accept the Report and Recommendation and DISMISSES Defendant Richard Shronts as a defendant in Plaintiff's original complaint without prejudice.

BACKGROUND

Plaintiff filed his original Complaint (#1) on September 23, 2008. Defendant Richard Shronts, Fire Chief of the Grant Park Fire District, was named as a defendant. On February 3, 2009, Defendants Robert Schurman, Scott Fitts, and the City of Grant Park brought a Motion to Dismiss (#6) for Plaintiff's failure to properly serve them. On April 1, 2009, this court entered an Order (#14) allowing Plaintiff to file an amended complaint. The court found that service on Defendants Schurman, Shronts, and Village of Grant Park was valid and that they did not need to be served again upon the filing of the amended complaint, as its filing would simply revive them as defendants. The court did find that Plaintiff still needed to serve any remaining defendants named in the future amended complaint.

On May 15, 2009, Defendant Shronts filed his own Motion to Dismiss Pursuant to Rules 12(b)(5) and 4(m) (#17). In his motion, Defendant states that on March 31, 2009, Plaintiff left, or caused to be left, a summons and complaint with firefighter Nathan Roloff at the Grant Park Fire District located at 107 Curtiss Street, Grant Park, Illinois. On the date Defendant was allegedly served, he was involved in an emergency call and was away from the firehouse. The only person who was served was non-party Roloff, who was not authorized to accept service on Shronts' behalf and who informed the men who dropped off the summons and complaint that he was not Shronts. Since March 31, 2009, Shronts has not been personally served with a summons and complaint. These facts were attested to in two affidavits signed by Shronts and Roloff and attached to Defendant Shronts' Motion to Dismiss (#17) as Exhibits A and B.

Defendant argues that actual notice and knowledge of the existence of the lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of a service of process and that leaving a summons and complaint with a co-worker at a place of business is not proper service. Thus, Plaintiff has not properly served Defendant with process and the case against him should be dismissed, or in the alternative the alleged service on Defendant should be quashed. Also, under Rule 4(m), Defendant argues he was not served within the 120 days required, since the original complaint was filed on September 23, 2008 and he was not served until March 31, 2009, which was 189 days. Defendant argues the case should be dismissed without prejudice under Rule 4(m).

Plaintiff never filed a response to Defendant's motion. On June 25, 2009, Judge Bernthal issued his Report and Recommendation (#22). In the R&R, Judge Bernthal noted that this court in April 2009 had found Plaintiff's personal service on Defendant Shronts to be valid, but that Defendant has now presented evidence indicating that Plaintiff, in fact, did not personally serve Defendant. Thus, Judge Bernthal wrote, Defendant's evidence and the inconsistent information in Plaintiff's Return of Service raises questions as to the finding in the Order. Judge Bernthal

recommended denying Defendant's motion if this court's finding that personal service was valid remains undisturbed. However, if the service was not valid, Defendant's motion should still be denied for being premature, since courts have discretion to extend deadlines for service and the court here implicitly allowed Plaintiff additional time to effectuate service of process on any remaining defendants named in the amended complaint.

Defendant filed his Objections to the Report and Recommendations (#23) on July 10, 2009. In his Objection, Defendant notes the inconsistencies contained in Plaintiff's original Return of Service on Defendant Shronts. Specifically, the Return of Service indicates that service was made "personally on third-party defendant" and that it was "[r]eturned unexecuted" and stated "summons and complaint served to Richard Shronts." Defendant argues the Return of Service itself does not indicate the service of the summons and complaint was served on Defendant, but only that it was served "to" Defendant.

## ANALYSIS

Federal Rule of Civil Procedure 4(e) states:

> "**Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual– other than a minor, an incompetent person, or a person whose waiver has been filed– may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place

of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Under Illinois law, service upon an individual defendant is provided by leaving a copy of the summons and complaint with the defendant personally or by leaving at his usual place of abode with a person over the age of 13 and by mailing a copy of the summons and complaint to the resident address. 735 ILCS 5/-203(a) (West 2006).

In the instant case, the court now has before it evidence, in the form of signed affidavits from Nathan Roloff and Defendant Shronts, that Defendant Shronts was never personally served. Rather, it appears Roloff was served, and he is not authorized to accept service of process on Defendant's behalf. Combined with what admittedly are inconsistencies in the Return of Service, and with Plaintiff's failure to respond to the evidence presented via the affidavits in Defendant's Motion to Dismiss (#17), the court has no option other than to dismiss, without prejudice, Plaintiff's complaint as to Defendant Shronts. However, once Plaintiff files his amended complaint, and if Defendant Shronts is named as a defendant in that amended complaint, Plaintiff will have 120 days from the date of the filing of the amended complaint to effectuate proper service of process on Defendant Richard Shronts.

IT IS THEREFORE ORDERED:

(1) The Report and Recommendation (#22) dated June 25, 2009, is NOT ACCEPTED by the court.

(2) Defendant's Motion to Dismiss (#17) is GRANTED and Defendant Richard Shronts is dismissed from the Plaintiff's original complaint without prejudice. Once Plaintiff has filed his amended complaint, Plaintiff shall have 120 days from the date of that filing to effectuate proper service of process on Defendant Richard Shronts.

ENTERED this 29th day of July, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE